TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
BYRON R. TUYAY (Cal. Bar No. 308049)
RUBEN ESCALANTE (Cal. Bar No. 244596)
Assistant United States Attorneys
Riverside Branch Office
    3403 10th Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6230
    Facsimile: (951) 276-6202
    E-mail:   byron.tuyay@usdoj.gov
              ruben.escalante@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR 21-00185-ODW |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT JOHN FLORES |
| v. | Hearing Date: 04-25-2022 |
| JOHN FLORES, | Hearing Time: 10:00 a.m. |
| Defendant. | Location: Courtroom of the Hon. Otis D. Wright |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Byron R. Tuyay and Ruben Escalante hereby files its response to the presentence report and sentencing position for defendant JOHN FLORES.

///

///

///

This response to presentence report and sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 11, 2022                    Respectfully submitted,

                                        TRACY L. WILKISON
                                      United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division

                                        JERRY C. YANG
                                        Assistant United States Attorney
                                        Chief, Riverside Branch Office

                                        _____/s/_____
                                        BYRON R. TUYAY
                                        RUBEN ESCALANTE
                                        Assistant United States Attorneys
                                        Riverside Branch Office

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendant John Flores is a former National Railroad Passenger Corporation, Amtrak ("Amtrak") reservation sales agent. From August 16, 2016 to May 1, 2017, defendant stole electronic vouchers from Amtrak worth $25,137.20 and resold them for his own profit.

Defendant pleaded guilty to a single-count Information charging him with theft from a program receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(A). (Dkt. 16.)

On December 8, 2021, United States Pretrial Services and Probation ("Probation") issued its Presentence Investigative Report (Dkt. 19, "PSR") and Disclosed Recommendation Letter (Dkt. 18). The United States concurs with Probation's Sentencing Guidelines calculations, which found that the total offense level is 8 and defendant is designated in Criminal History Category I.

For the reasons set forth below, the United States requests respectfully that the Court sentence defendant to three years' probation and order restitution to be paid to Amtrak in the amount of $25,137.20.

**II.   STATEMENT OF FACTS**

During the change of plea hearing and in the factual basis of the plea agreement (Plea Agreement, "Plea" Dkt. 21), defendant admitted the following:

Defendant worked for Amtrak as a reservation sales agent at a Riverside, California Reservation Call Center. Beginning on or about August 2016, defendant began stealing unused eVouchers from Amtrak using Amtrak's computer system. Customers could redeem eVouchers for a set amount of Amtrak ticket value. Defendant merged and combined

unused customer eVouchers into different amounts to avoid detection before he resold them. Defendant repeated this process between August 2016 and May 2017 and stole $25,137.20 worth of eVouchers from Amtrak. Defendant resigned from Amtrak on May 2, 2017, the day after he learned that he would subject to a formal internal investigation.

**III. SENTENCING GUIDELINES CALCULATIONS**

    **A.   Offense Level Calculation**

The United States concurs with Probation's offense level calculation, which concluded that defendant's total offense level is 8, as set forth in the table below:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Loss more than $250,000: | +4 | U.S.S.G. § 2B1.1(b)(1)(C) |
| Acceptance of responsibility | -2 | U.S.S.G. §§ 3E1.1(a) |
| **Total Offense Level** | **8** | |

        1.   <u>Base Offense Level: 6</u>

The parties agree that the applicable base offense level is 6 under U.S.S.G. § 2B1.1(a)(2). (PSR ¶ 28; Plea ¶ 12.)

        2.   <u>Loss Amount More Than $15,000: +4</u>

The agreed upon loss amount in this case is $25,137.20. (Plea ¶ 10; PSR ¶ 30.) Because the loss amount is greater than $15,000 but less than $40,000, U.S.S.G. § 2B1.1(b)(1)(C) provides for a 4-level upward adjustment. (PSR ¶ 30; Plea ¶ 10.)

        3.   <u>Acceptance of Responsibility: -2</u>

Pursuant to the plea agreement, the parties agree that defendant is entitled to a 2-level downward adjustment under U.S.S.G. § 3E1.1(a). (Plea ¶ 3c.) Defendant is not entitled to an additional 1-level reduction under U.S.S.G. § 3E1.1(b) because that subsection

is applied only if the base offense level is greater than 16 prior to the operation of U.S.S.G. § 3E1.1(a).

### B. Criminal History Category I

The United States concurs with Probation's assessment that defendant has accumulated zero criminal history points. (PSR ¶ 42-43). Defendant is appropriately designated in Criminal History Category I. U.S.S.G. Chapter 5, Part A.

A total offense level of 8 and Criminal History Category I produces an advisory Sentencing Guidelines imprisonment range of 0 to 6 months. Since defendant's Sentencing Guidelines range falls within Zone A, a probation sentence of up to five years is permissible. U.S.S.G. §§ 5B1.1(a)(1), 5B1.2(a).

### IV. ANALYSIS OF THE 18 U.S.C. § 3553(a) FACTORS

The nature of defendant's theft raises concerns at a number of levels. Defendant misused his position as a reservation specialist to steal eVouchers from Amtrak and resell them for a profit on eBay and PayPal. Defendant was well aware of the unlawful nature of his conduct because he merged the eVouchers into different amounts under false customer names to give the transactions the appearance of legitimacy. He also used multiple email accounts to further avoid detection. (PSR ¶ 21.) What is more is that defendant repeated this process multiple times throughout an 11-month period. In this short timeframe defendant caused a loss to Amtrak of approximately $25,137.20 for his personal benefit.

There are, however, significant mitigating circumstances in this case that warrant a probation sentence. Defendant's acceptance of responsibility was exceptional as he timely admitted responsibility

3

for his actions shortly after charges issued in this case, saving the prosecution from engaging in unnecessary trial preparation.

Defendant's personal history also warrants consideration for a probation sentence. This will be defendant's first conviction and reflects an isolated incident in defendant's otherwise law-abiding life. Defendant is 35-years old with a wife and two minor children. (PSR § 54.) Defendant's wife is a homemaker, so defendant currently works two jobs to support his family. Defendant is a transportation coordinator at a food service company and an account manager for a logistics company. (PSR ¶¶ 63-64.) Based on defendant's history of continuous employment throughout his adult life, it does not appear that defendant relied on his theft or other crimes to financially support his family. A probation sentence would allow defendant to continue working while being held accountable for his actions by reporting periodically to probation. Defendant does not report substance abuse or other health issues that could pose challenges to his compliance with the conditions of a probation sentence. Indeed, given defendant's history and characteristics, his immediate acceptance of responsibility, the availability of restitution, and the relatively low loss amount in this case, the government believes a probation sentence would serve to adequately deter defendant's criminal conduct.

**V.  RESTITUTION**

Pursuant to 18 U.S.C. § 3663A and U.S.S.G. § 5E1.1, the United States requests that the Court order defendant to pay restitution to Amtrak in the amount of $25,137.20. (PSR ¶ 93-94.)

**VI.   CONCLUSION**

   For the foregoing reasons, the United States respectfully requests that this Court sentence defendant to 3 years of probation.